FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 1 2016

JAMES N. HATTEN, CLERK
By: _S. Byrn_ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MONITRONICS INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION FILE NO. 1:15-CV-03927-WSD |
| HALL, BOOTH, SMITH, P.C. and JAMES H. FISHER, II | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## NON-PARTY HOLLAND & KNIGHT LLP'S
## OBJECTIONS TO AND MOTION TO QUASH THE SUBPOENA
## SERVED BY DEFENDANT HALL, BOOTH, SMITH, P.C.

### I.    INTRODUCTION

Holland & Knight LLP ("Holland & Knight") objects to the subpoena served by Defendant Hall, Booth, Smith, P.C. because it improperly seeks privileged and non-discoverable communications and documents from Holland & Knight's representation of Monitronics International, Inc. ("Monitronics") in the appeal from the 2011 judgment entered in favor of Velma Veasley and against Monitronics.  Holland & Knight is prepared to produce all responsive, discoverable documents, but respectfully requests that the Court quash or modify the subpoena with respect to those documents and communications subject to the attorney-client

privilege, the common interest privilege, and the work-product doctrine.   In addition, Hall, Booth, Smith, P.C. ("Hall Booth") should be required to pay the associated document-production costs.

## II.   STATEMENT OF FACTS

### A.   The DeKalb County Lawsuit.

On August 18, 2009, Velma Veasley filed a lawsuit against Monitronics in the DeKalb County State Court (the "DeKalb County Lawsuit").[1]   Hall Booth served as legal counsel for Monitronics in the DeKalb County Lawsuit until the engagement was terminated by Monitronics in 2011.   The case was subsequently tried to a jury, which returned a verdict in favor of Ms. Veasley in the amount of $8,640,000.00 (the "Judgment").

### B.   Holland & Knight's Engagement as Appellate Counsel.

Following the conclusion of the DeKalb County Lawsuit, Monitronics retained Holland & Knight as appellate counsel.   As part of its representation, Holland & Knight reviewed documents related to the DeKalb County Lawsuit, communicated with representatives of Monitronics, communicated with

---

[1]   Prior to filing the DeKalb County Lawsuit, Ms. Veasley filed suit on March 28, 2008, in the United States District Court for the Norther District of Georgia, Case No. 1:08-CV-001251-GET, against, *inter alia*, Monitronics and the DeKalb County Police Department (the "Federal Lawsuit").   The Federal Lawsuit was dismissed on April 15, 2009, when the Court granted Monitronics' motion to dismiss based on a lack of complete diversity.   *See* Federal Lawsuit, Docs. 46 & 70.   Hall Booth represented Monitronics in the Federal Lawsuit.

representatives of Monitronics' insurer about the appeal, performed legal research and analysis, and prepared legal briefs.

On July 16, 2013, the Court of Appeals affirmed the Judgment against Monitronics. *See Monitronics Int'l, Inc. v. Veasley*, 323 Ga. App. 126, 746 S.E.2d 793 (2013). Holland & Knight subsequently prepared and filed the Petition for Writ of Certiorari to the Supreme Court of Georgia, which was denied on November 4, 2013.

**C.     The Subpoena.**

On March 8, 2016, Defendant Hall Booth served on Holland & Knight that certain Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (the "Subpoena"), which contains the following document requests:

> 1.   A true and correct copy of all documents in your possession, custody or control which relate to the claims made by Velma Veasley against Monitronics International, Inc.
>
> 1.   [*sic*] A true and correct copy of all documents in your possession, custody or control which relate to your representation of Monitronics International, Inc. in: (a) the litigation styled *Velma Veasley v. Monitronics International, Inc. et al*, State Court of Dekalb County, Civil Action File No. 09A11855-2; (b) the appeal styled *Monitronics International, Inc. v. Velma Veasley* (A13A0090); and (c) the appeal styled *Velma Veasley v. Monitronics International, Inc.* (A13A0091).
>
> 2.   A true and correct copy of all documents in your possession, custody or control which relate to any pleadings or filings made in the

Georgia Supreme Court arising out of the claims of Velma Veasley against Monitronics International, Inc.

These requests include but are not limited to all correspondence, emails, suit reports submitted to any insurer of Monitronics, evaluation reports, budgets, pleadings, court filings, time sheets, billing invoices, memos, notes, documents reflecting trial strategy, documents reflecting settlement strategy, documents reflecting strategy for handling appeals and all other file materials.

A true and accurate copy of the Notice is attached hereto as Exhibit "A."

The Subpoena improperly seeks documents and communications from Holland & Knight's engagement as appellate counsel for Monitronics that are privileged attorney-client communications, subject to the common interest privilege, and protected by the attorney work-product doctrine. Holland & Knight, therefore, objects to and asks the Court to quash or modify the Subpoena to exclude documents and communications subject to the attorney-client privilege, the common interest privilege, and the attorney work-product doctrine. The Subpoena should also be modified to provide that Hall Booth must reimburse Holland & Knight for the time and expense associated with responding to the Subpoena.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Subpoena should be quashed or modified.

Hall Booth's Subpoena to Holland & Knight should be quashed or modified because it seeks documents and correspondence containing privileged attorney-client communications, constituting attorney work-product, and protected by the common interest privilege.  In defining the parameters of permissible discovery, Rule 26 expressly excludes privileged information.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any **nonprivileged** matter that is relevant to any party's claim or defense . . . .") (emphasis added).  The scope of discovery "is to be liberally construed," *Patton v. S. Bell Tel. & Tel. Co.*, 38 F.R.D. 428, 429 (N.D. Ga. 1965) "[b]ut discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392 (1947).  "And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Id.* at 508, 67 S. Ct. at 392.

The discovery parameters set forth in Rule 26 are applicable to document requests served pursuant to Rule 45. *Sierra Rutile Ltd. v. Katz*, No. 90 Civ. 4913 (JFK), 1994 WL 185751, at *3 (S.D.N.Y. May 11, 1994) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2457 (1971)).  Indeed, Rule 45

expressly provides that a court "**_must quash or modify_** a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii) (emphasis added).

Hall Booth's Subpoena must be quashed or modified because it improperly seeks documents and communications subject to the attorney-client privilege, the common interest privilege, and the attorney work-product doctrine. The three document requests seek information in Holland & Knight's care, custody, and control related to (1) the claims asserted by Ms. Veasley against Monitronics, (2) the DeKalb County Lawsuit, (3) the appeal to the Court of Appeals of Georgia, and (4) the writ of certiorari filed with the Supreme Court of Georgia. With respect to each of the requests, the Subpoena seeks:

> all correspondence, emails, suit reports submitted to any insurer of Monitronics, evaluation reports, budgets, pleadings, court filings, time sheets, billing invoices, memos, notes, documents reflecting settlement strategy, documents reflecting strategy for handling appeals and all other file materials.

Hall Booth is not entitled to correspondence and emails containing attorney-client privileged communications. "The attorney client privilege is absolute, prohibiting discovery of the privileged materials regardless of need." *Shipes v. BIC Corp.*, 154 F.R.D. 301, 304 (M.D. Ga. 1994). "The attorney-client privilege is the oldest of the privileges for confidential communications at common law."

*Upjohn Co. v. United States*, 449 U.S. 383, 388 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.*

Holland & Knight served as legal counsel for Monitronics in the appeal of the Judgment rendered in the DeKalb County Lawsuit. Attorney-client privileged communications between Holland & Knight and Monitronics regarding the appeal, which necessarily included discussions about the DeKalb County Lawsuit, are privileged and are not discoverable under Rule 26. Thus, the Subpoena should be quashed or modified with respect to documents and communications containing attorney-client privileged communications.

Similarly, Hall Booth is not entitled to suit reports submitted to any insurer of Monitronics because such reports are subject to the attorney-client privilege and/or the common interest privilege. "Parties who share 'strong common interests' may also share privileged or protected material without waiving the privilege or protection." *Jones v. Tauber & Balser, P.C.*, 503 B.R. 162, 195 (N.D. Ga. 2013) (citing *McKesson Corp. v. Green*, 266 Ga. App. 157, 597 S.E.2d 447,

452 (2004)). "As such, an insurer's communications with the attorney assigned to represent the insured under an insurance policy are generally protected by this common interest or attorney-client privilege." *Id.* (citing *Underwriters Ins. Co. v. Atlanta Gas Light, Co.*, 248 F.R.D. 663, 670-671 (2008)). Thus, any privileged communications or work product Holland & Knight may have shared with Monitronics' insurer would remain privileged and are not subject to discovery by Hall Booth.

Finally, Hall Booth is not entitled to evaluation reports, drafts of pleadings or drafts of court filings, memos, notes, documents reflecting settlement strategy, documents reflecting strategy for handling appeals, or any other file materials constituting attorney-work product. "The protection of the work product doctrine attaches to documents and other items produced by a party or its representatives in anticipation of litigation." *Shipes*, 154 F.R.D. at 304-305 (citing Fed. R. Civ. P. 26(b)(3)). "The test to determine whether a document constitutes work product is whether it was prepared by the party or his representative because of the prospect of litigation." *Id.* at 305 (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2024 at 198). "A party's representative includes its attorney, insurer, employee, or other agent, so long as they were working on behalf of the party and preparing the document with the prospect of litigation in mind." *Id.* (citing *Lott v.*

*Seaboard S.R., Inc.*, 109 F.R.D. 554, 557 (S.D. Ga. 1985)).  "Documents which were produced in anticipation of litigating one case remain protected in a separate case, at least where the cases are closely related."  *Id.* (citing *Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439, 445 (D.C. N.Y. 1990)).

Even greater protection is afforded word-product including attorneys' mental impressions and strategies.  "The rule, like its common law background, meticulously protects against revealing an attorney's mental impressions, conclusion, opinions, and legal theories."  *Id.*  "Rule 26(b)(3) provides that when the Court orders discovery of materials prepared by a party in anticipation of litigation, it *must* protect against dislcosure of the 'mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  *Underwriters Ins. Co.*, 248 F.R.D. at 669.  Indeed, "[i]t is questionable whether any showing justifies disclosure of an attorney's mental impressions."  *Id.*  In *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir. 1974), the Court of Appeals for the Fourth Circuit held that "such opinion work product material, as distinguished from material not containing mental impressions, conclusions, opinions, or legal theories, is immune from discovery although the litigation in which it was developed has been terminated."  509 F.2d at 731.

Here, the Subpoena improperly seeks "opinion work product material," including, but not limited to, evaluation reports, drafts of pleadings or court filings, memos, notes, documents reflecting settlement strategy, and documents reflecting strategy for handling appeals. Such documents are opinion work product and are immune from discovery. To the extent the Subpoena seeks non-opinion work product, Hall Booth has not and cannot establish that it has substantial need for those materials to prepare its case and that it cannot, without undue hardship, obtain the substantial equivalent of the requested documents by other means, as required by Fed. R. Civ. P. 26(b)(3)(A)(ii). Therefore, the Subpoena should be quashed or modified to exclude the production of documents and communications constituting attorney work product.

**B.**    **Hall Booth should have to reimburse Holland & Knight for responding to the Subpoena.**

"[T]he Federal Rules protect subpoenaed non-parties . . . from 'undue burden or expense. Hence, 'cost-shifting is particularly appropriate in the context of subpoenas, since Rule 45 directs courts to minimize the burden on non-parties." *Hernandez v. Hendrix Produce, Inc.*, No. CV-613-053, 2014 WL 953503, at n. 5 (S.D. Ga. March 10, 2014) (quoting *U.S. Bank N.A. v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *4 (S.D. N.Y. Nov. 5, 2012)).

Here, the Subpoena served by Hall Booth does not state Holland & Knight will be reimbursed for the costs associated with the document production. The document requests in the Subpoena are broad and will require Holland & Knight to: (1) identify potential custodians; (2) conduct interviews to locate possible repositories for responsive hard copy documents and electronically stored information; (3) gather and review potentially responsive documents for relevance and privilege; and (4) copy, bates label, and produce responsive, non-privileged documents. The process will be both time consuming and costly. Holland & Knight is a non-party and should not be forced to shoulder the financial burden associated with Hall Booth's document requests. Therefore, the Subpoena should be modified to provide that Hall Booth will reimburse Holland & Knight for the time and expense associated with responding to the Subpoena.

## CONCLUSION

Holland & Knight objects to the subpoena it received from Defendant Hall Booth because it improperly seeks privileged and non-discoverable communications and documents from Holland & Knight's representation of Monitronics. Holland & Knight is prepared to produce all responsive, discoverable documents, but the Subpoena should be quashed or modified with respect to those documents and communications subject to the attorney-client privilege, the

common interest privilege, and the work-product doctrine.  Moreover, Hall Booth should be required to reimburse Holland & Knight for the time and expense associated with responding to the Subpoena.

Respectfully submitted this 21st day of March, 2016.

HOLLAND & KNIGHT LLP

*Thomas B Branch, jr*

Thomas B. Branch III
Georgia Bar No. 76300
A. André Hendrick
Georgia Bar No. 774212
1180 West Peachtree Street, N.E.
Suite 1800
Atlanta, Georgia  30309-3453
(404) 817-8500
(404) 881-0470 (fax)

# Exhibit A

AO 88B (Rev 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

NORTHERN DISTRICT OF GEORGIA – ATLANTA DIVISION

|  |  |
|---|---|
| MONITRONICS INTERNATIONAL, INC.,<br>*Plaintiff*<br>v.<br><br>HALL, BOOTH, SMITH, P.C. and<br>JAMES H. FISHER, II,<br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. **1:15-CV-03927-CC**

(If the action is pending in another district, state where:)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:    **HOLLAND & KNIGHT LLP**
       **ATTENTION: CUSTODIAN OF RECORDS**
       1180 West Peachtree Street N.W., Ste. 1800
       Atlanta, Georgia 30309

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE EXHIBIT "A" ATTACHED HERETO**

| Place: | Date and Time: |
|---|---|
| **Swift, Currie, McGhee & Hiers, LLP**<br>**1355 Peachtree Street, NE, Suite 300**<br>**Atlanta, Georgia 30309** | **April 6, 2016** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  3/8/16

_____          _____
*CLERK OF COURT*                    OR

_____              _____
*Signature of Clerk or Deputy Clerk*              *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *Defendants* who issues or requests this subpoena, is: *Myrece R. Johnson, Swift, Currie, McGhee & Hiers, LLP, 1355 Peachtree Street, NE, Suite 300, Atlanta, GA 30309,  (404) 874-8800, myrece.johnson@swiftcurrie.com*

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 1:15-CV-03927-CC

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*                .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable

age and discretion who resides there, on *(date)*          , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on

behalf of *(name of organization)*          on *(date)*          ; or

☑ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

                              _____
                              *Server's signature*

                              _____
                              *Printed name and title*


                              _____
                              *Server's address*

Additional information regarding attempted service, etc.:
*Served via process server.*

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. (3)

*Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT A

1.  A true and correct copy of all documents in your possession, custody or control which relate to the claims made by Velma Veasley against Monitronics International, Inc.

1.  A true and correct copy of all documents in your possession, custody or control which relate to your representation of Monitronics International Inc. in: (a) the litigation styled *Velma Veasley v. Monitronics International, Inc. et al*, State Court of Dekalb County, Civil Action File No. 09A11855-2; (b) the appeal styled *Monitronics International, Inc. v. Velma Veasley* (A13A0090); and (c) the appeal styled *Velma Veasley v. Monitronics International, Inc.* (A13A0091).

2.  A true and correct copy of all documents in your possession, custody or control which relate to any pleadings or filings made in the Georgia Supreme Court arising out of the claims of Velma Veasley against Monitronics International, Inc.

These requests include but are not limited to all correspondence, emails, suit reports submitted to any insurer of Monitronics, evaluation reports, budgets, pleadings, court filings, time sheets, billing invoices, memos, notes, documents reflecting trial strategy, documents reflecting settlement strategy, documents reflecting strategy for handling appeals and all other file materials.

3126854v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, the foregoing MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY HOLLAND & KNIGHT LLP'S OBJECTIONS TO AND MOTION TO QUASH THE SUBPOENA SERVED BY DEFENDANT HALL, BOOTH, SMITH, P.C. was filed with the Clerk of Court, and true and correct copies of same were sent via U.S. Mail, proper postage affixed, to the following attorneys of record:

Rickman P. Brown
David Lin
Evans, Scholz, Williams & Warncke, LLC
3490 Piedmont Road, N.E. Suite 1200
Atlanta, Georgia 30305

C. Bradford Marsh
Myrece R. Johnson
Ashley D. Alfonso
Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, NE
Atlanta, Georgia 30309

This the 21st day of March, 2016.

HOLLAND & KNIGHT LLP

Thomas B. Branch III
Georgia Bar No. 76300

#39838210_v1