C. Bradford Marsh, Esq.
Swift Currie McGhee & Hiers
1355 Peachtree Street N.E., Suite 300
Atlanta, Georgia 30309

>     Re:   Monitronics International, Inc. v. Hall, Booth, Smith, P.C. and James H. Fisher, II
>           United States District Court, Northern District of Georgia
>           Civil Action File No. 1:15-CV-03927-WSD

Dear Brad,

This letter constitutes my expert report in the above-styled matter and is submitted on behalf of Defendants Hall, Booth, Smith, P.C. and James H. Fisher, II.

**Qualifications**

My name is Peter A. Law. I am a lawyer and the senior principal of Law & Moran, a five lawyer trial firm dedicated to the representation of plaintiffs. I graduated from Emory University School of Law in 1993. I have been admitted to practice law in Georgia and have been a member of the State Bar since 1993. I am admitted to practice in the State Courts in Georgia, as well as the Georgia Court of Appeals, Georgia Supreme Court, the U.S. District Courts for the Northern, Middle and Southern Districts of Georgia, the U.S. Court of Appeals for the 11th Circuit and the U.S. Supreme Court.

I am a member of the State Bar of Georgia, the American Association for Justice, the Southern Trial Lawyers Association, and the International Society of Barristers. I am also a member of the Georgia Trial Lawyers Association and have held various leadership positions in that association over the years. A list of my CLE published works and speeches for the past ten years is attached hereto as Exhibit "A."

I have tried dozens of jury cases to verdict as lead trial counsel in State and Federal Courts in Georgia. I have represented plaintiffs in a wide range of cases involving premises liability, products liability, automobile injuries, truck wrecks, and all areas of injury cases. Some of my more significant verdicts and settlements involving third-party criminal acts are identified below:

- $9,100,000.00 – Premises Liability – 12 person Dekalb County, Georgia jury verdict involving lack of security for a woman raped by unknown assailant. Verdict of $8,333,333.33 plus pre-judgment interest resulting in total award.

- $9,000,000.00 – Premises Liability – Fulton County, Georgia jury verdict for woman raped at an apartment complex due to negligence of owners and management.

- $9,000,000.00 – Premises Liability – Chambers County, Alabama jury verdict for woman raped at an apartment complex due to negligence of owners and management. Verdict



apportioned between corporate defendants and perpetrator (a named defendant); $8,000,000.00 (corporate defendants)/$1,000,000.00 (perpetrator).

- $6,000,000.00 – Premises Liability – Pre-trial settlement recovery for a young man who was robbed and shot at an apartment complex leaving him partially paralyzed.

- $5,500,000.00 – Premises Liability – Pre-trial recovery in a highly contested and litigated case where a man was robbed and shot at an apartment complex. Defendants blamed shooter and denied they were negligent.

- $2,200,000.00 – Premises liability – Fulton County, Georgia jury verdict of $2,200,000.00 for a man shot in the leg and $22,229.00 of medical expenses.

My most recent CV is attached as Exhibit "A." I have not given testimony, at trial or by deposition, as a retained expert in the previous four years. My rate for this matter is $600.

**File Review**

I have been asked to give an expert opinion in this matter on the issue of apportionment of fault to a third party criminal and other non-parties. In formulating these opinions, I have reviewed the following:

- Veasley's Complaint
- Veasley's Amended Complaint(s)
- Monitronics' Answer
- Notice of Non-Party Fault Against DeKalb County
- Notice of Non-Party Fault against Okrah
- Notice of Non-Party Fault against Barbara Warren, Frank Warren and Jeremy Veasley
- Opening and Closing Statements from the November 2011 trial of the Veasley claim
- Veasley Jury Verdict
- Monitronics' Complaint and Affidavit in the above-referenced action
- Deposition of Jim Fisher and Exhibits

I also reviewed the apportionment statute, looked at past cases I have handled, and talked with plaintiff's counsel in the underlying case.

My expert opinions, outlined below, are based on my education, training, expertise and extensive experience as a practicing attorney for the past twenty two (22) years (June 1, 2016 will be 23 years).

**Background on Apportionment**

The law with respect to apportionment of fault to third party criminals was unsettled until the Georgia Supreme Court's July 2012 ruling in Couch v. Red Roof Inn, 291 Ga. 359 (2012). From the passage of the Tort Reform Act in 2005 until the Couch decision, plaintiff's counsel

often took the position that the apportionment statute, O.C.G.A. § 51-12-33, did not allow a jury to apportion fault to a third party criminal actor. During that time, it was typical practice for plaintiff attorneys to file objections to Notices of Non-Party Fault filed by defense counsel which named the third party criminal. I did so on most occasions through the Couch opinion, challenging the constitutionality and applicability as applied to each case.

I have handled dozens of third party criminal assault cases against private entities, and usually do not sue the criminal perpetrator. I have resolved, through settlement, mediation or trial, dozens of third party criminal assault premises liability cases in Georgia. I have also routinely spoken at premises liability CLE seminars where these issues have come up. It is most often our position that apportionment did not necessarily change the liability of private entities. When confronted with the "defense" of apportionment, I take the position that even before the 2005 tort reform apportionment allowing a verdict line for the non-party, defendants were still able to blame the criminal perpetrator or others and seek either a defense verdict or compromise verdict based upon strategy and argument at trial. I acknowledge, however, that many attorneys seek to add the criminal perpetrator (or others) as a non-party and believe it to be a strategic advantage for the defense.

**Opinion**

I have been asked to analyze whether the failure to have the non-party at fault individual on the verdict form materially affected the outcome of the Veasley trial. In my experience as referenced above, it has not affected similar recoveries in the past and based on the parties' contentions and arguments in the Veasley trial, it is my opinion it did not materially affect the outcome of the verdict.

At trial, the argument of fault to a non-party defendant gives the plaintiff the opportunity to argue to the jury that the defendant is seeking to avoid responsibility by pointing the finger at other individuals. I find this argument is particularly influential on a jury in cases where the defendant is charged with or has a non-delegable duty to the plaintiff. In my experience and opinion, the foregoing argument can cause a jury to dislike the defendant more.

In this case, it appeared that the relationship between Ms. Veasley and Monitronics was direct and for pay. The plaintiff had a direct relationship for security with Monitronics. Based upon the verdict form and the trial contentions and arguments of counsel, it cannot be said that having an actual line on the verdict form for blaming the acts of the criminal perpetrator Okrah would have affected what the jury would have done. In the above-referenced cases I tried to verdict in metro-Atlanta, the verdicts had no line for the criminal perpetrator and the jury still awarded in the $8,000,000.00 to $9,000,000.00 range against the apartment complex. In the third case in Alabama, the perpetrator was on the verdict form as a named defendant, and the jury apportioned $8,000,000.00 to the apartment complex and $1,000,000.00 to the criminal perpetrator defendant.

Further, an argument to apportion fault to the family members of the plaintiff and inclusion of such persons on a verdict form would further alter my approach to the presentation of the case. This allows me to argue more forcefully that the defendant is seeking to blame

everyone else and not take responsibility. In the above Dekalb County verdict, the defense had either insinuated or blamed family members and/or other acquaintances claiming they caused or contributed to the sexual assault committed against the underlying plaintiff. In my experience and opinion, that can be a risky defense and may help the plaintiffs get a more significant verdict in a case of strong liability against the corporate defendant.

It is my professional opinion that the addition of Stephen Okrah to the verdict form in <u>Veasley</u> would not have substantially changed the percentage of fault apportioned to Monitronics by the jury. I am further of the opinion that the inclusion of Barbara Warren, Frank Warren and Jeremy Veasley on the verdict form, as proposed in Plaintiff's Complaint, also would not have substantially changed the percentage of fault apportioned to Monitronics.

In conclusion, while the issue of apportionment has been hotly contested for many years, my experience in the above-referenced cases I tried is that juries will hold a negligent defendant responsible regardless of whether the criminal perpetrator is listed on the verdict form. The verdict form as completed by the jury found Monitronics negligent on multiple levels. The trial strategy of Monitronics as set forth in the closing argument appeared focused on the reasonableness of Monitronics' actions, and the jury simply did not agree. Again, my opinion is limited to the effect of the lack of other individuals as non-party apportionment defendants on the verdict form, and not on other acts or omissions of any counsel.

My opinions in this matter are based on my review of the materials in this case as identified herein, currently known and available information and my extensive experience presenting cases to juries and is to a reasonable degree of professional-legal certainty. Further, my opinions are also made in conjunction with all of the considerations outlined above. These opinions are subject to change to the extent new information becomes available.

**LAW & MORAN**

*Peter A. Law*
Peter A. Law

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [facsimile]

# LAW & MORAN
## ATTORNEYS AT LAW

563 Spring Street, N.W.
Atlanta, Georgia 30308
Telephone (404) 814-3700
Facsimile (404) 842-7710
Pete@LawMoran.com
www.LawMoran.com

## *Peter A. Law Biography*

**PRACTICE PROFILE:**

Peter A. Law is the senior principal of **LAW & MORAN,** a five lawyer trial firm dedicated to the representation of individuals who have suffered injuries and death due to the negligence of others. Pete Law has been recognized by various independent surveys as one of Georgia's top trial lawyers, was selected as 2011 Georgia's Top Trial Lawyer by Best Lawyers, and is annually selected as one of Georgia's Super Lawyers, including multi-year Top 10 and Top 100 vote recipient by the Super Lawyer independent survey. (See, *Atlanta Magazine*, *Super Lawyers*, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015 - present). The Georgia business community also selected Pete as a top trial lawyer, selecting him as a "Georgia Legal Elite," (*Georgia Business Trend*, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015 - present). The firm has exceeded $500,000,000.00 worth of jury verdicts and settlements. Pete is also rated by his peers as AV rated, the top designation available by legal publication Martindale Hubbell, and is listed annually in the *Best Lawyers in America* trade publication.

Areas of practice include automobile accidents, trucking accidents, premises liability, negligent security, and virtually all types of cases involving injury or business torts. Pete has been counsel for the Plaintiff in approximately 150 recoveries each exceeding one million dollars ($1,000,000.00), including more than 50 separate recoveries exceeding three million dollars ($3,000,000.00), approximately 300 recoveries exceeding $100,000.00, and total case recoveries exceeding $500,000,000.00 (1/2 billion dollars). In addition to trying cases, Pete regularly speaks at Continuing Legal Education (CLE) Seminars nationwide.

**EDUCATION:**          Emory University School of Law, Juris Doctor 1993
                        Florida State University, Business Degree 1990

**LEGAL PRACTICE:**     *Law & Moran* and/or *Peter A. Law, P.C.* – (1995-Present) –
                        Personal Injury practice exclusively representing
                        individuals and families in wrongful death and injury cases;

                        *Drew, Eckl & Farnham* (1993-1995) – Insurance defense
                        practice defending insurance companies and large
                        corporations for personal injury defense;



                                        Admitted 1993, State Bar of Georgia.

**COURT ADMISSIONS:**           Georgia Supreme Court
                                        Georgia Court of Appeals
                                        Georgia State and Superior Courts
                                        U.S. Supreme Court
                                        U.S. Court of Appeals for the Eleventh Circuit
                                        U.S. District Court, Northern District of Georgia
                                        U.S. District Court, Middle District of Georgia
                                        U.S. District Court, Southern District of Georgia

**VENUES OF PAST/PRESENT CASES:**

Georgia, Florida, South Carolina, North Carolina, Indiana, New York, Arizona, Minnesota, Alabama, Tennessee, Oklahoma, as well as cases occurring, or for families, residing in Indonesia, Africa, Jamaica, Iraq and Mexico.

**PROFESSIONAL MEMBERSHIPS & ASSOCIATIONS:**

- Admitted State Bar of Georgia, 1993
- State Bar of Georgia
- Georgia Trial Lawyers Association
    - Verdict Editorial Board, 1999, 2000, 2001;
    - Regional Vice President, 2002, 2003, 2004, 2005, and 2006;
    - Membership Committee, Co- Chair, 2002, 2003, 2004, and 2005;
    - Justice League, Fulton County Regional Committee 2004;
- Association of Trial Lawyers of America
- American Association of Justice
- Southern Trial Layers Association
- International Society of Barristers

**APPELATE DECISIONS:**

*Waldrop v. Golden Coastline/CCIC, et al.,* Case no. S16Q0022, 2015 Ga. S. Ct. (pending);

*Atlanta National League Baseball Club, Inc. v. F.F.*, 328 Ga. App. 217, 761 S.E.2d 613 (2014);

*Mastec North America, Inc. v. Wilson*, 325 Ga. App. 863, 755 S.E.2d 257 (2014);

*Georgia Clinic, P.C. v. Stout,* 323 Ga. App. 487, 747 S.E.2d 83 (2013);

*Hickory Lake, L.P. v. A.W.,* 320 Ga. App. 389, 739 S.E.2d 836 (2013);

*Reese v. Ford,* 320 Ga. App. 78, 738 S.E.2d 301 (2013);

*Woods v. Allied Van Lines, Inc., 316 Ga. App. 548, 730 S.E.2d 35 (2013);*

*Great West Cas. Co. # 2 v. Bloomfield,* 303 Ga. App. 26, 693 S.E.2d 99 (2010);

*Burroughs v. Mitchell County and Seminole Sanitation,* 303 Ga. App. 8, 720 S.E.2d 335 (2011);

*McGarity v. Hart Electric Membership,* 307 Ga. App.739, 706 S.E.2d 676 (2011);

*Great West Cas. Co. #1 v. Bloomfield,* 303 Ga. App. 26, 693 S.E.2d 99 (2010);

*Carmichael v. Kellogg, Brown & Root Service,* 572 F.3d 1271 (2009);

*Ford Motor Company v. Reese,* 300 Ga. App. 82, 684 S.E.2d 279 (2009);

*Becks v. Pierce,* 282 Ga. App. 229, 638 S.E.2d 390 (2006);

*Carmichael v. Kellogg, Brown & Root Services,* 450 F. Supp. 2d 1373 (N.D. Ga. 2006);

*Freeman v. Walmart,* 281Ga. App. 132, 635 S.E.2d 399 (2006);

*Glover v. Ware,* 276 Ga. App. 759, 624 S.E.2d 285 (2005);

*AT Systems Southeast, Inc. v. Carnes,* 272 Ga. App. 671, 613 S.E.2d 150 (2005);

*American Multi-Cinema, Inc. v. Walker,* 270 Ga. App. 314, 605 S.E.2d 850 (2004);

*Mattox v. Condo,* 261 Ga. App. 519, 583 S.E.2d 193 (2003);

*Wal-Mart Stores, Inc. v. Johnson,* 249 Ga. App. 84, 547 S.E.2d 320 (2001);

*Bible v. Jack Eckerd Corp.,* 227 Ga. App. 882, 490 S.E.2d 553 (1997);

*Coopers v. Corporate Prop. Inv.,* 220 Ga. App. 887, 470 S.E.2d 689 (1996);

*Seibers v. Dixie Speedway, Inc.,* 220 Ga. App. 811, 470 S.E.2d 452 (1997).

**PUBLICATIONS, PRESENTATIONS and SEMINARS:**

GTLA 2016 Annual Convention, Speaker, Premises Liability, *Foul Ball Battle with the Braves,* and Trucking, *Proving Someone is an Unsafe Driver,* Georgia Trial Lawyers Association (GTLA), April 29, 2016;

Annual Atlanta Claims Association Convention, *Mediations in Liability Cases,* April 14, 2016;

15th Annual General Practice and Trial Institute, *Streamlining Evidence at Trial,* Institute of Continuing Legal Education in Georgia (ICLE), March 18, 2016;

Handling Big Cases, *Powerful Closing Arguments in Big Cases,* Institute of Continuing Legal Education in Georgia (ICLE), March 3, 2016;

Superstar Plaintiff Lawyers – Best Verdicts of 2015 Seminar, *Wells v. Aslan Commons, et. al., $72,960,000,* Institute of Continuing Legal Education in Georgia (ICLE), January 21, 2016;

Trial Advocacy Seminar, *Program Chair and Moderator*, Institute of Continuing Legal Education in Georgia (ICLE), October 30, 2015;

Secrets to a Successful Plaintiff's Personal Injury Practice, *How to get the Jury to See and Feel My Client's Damages,* Institute of Continuing Legal Education in Georgia (ICLE), September 11, 2015;

Trial Advocacy Seminar, *Program Chair and Speaker*, Institute of Continuing Legal Education in Georgia (ICLE), *Demonstrative Evidence at Trial*, October 31, 2014;

Premises Liability in Georgia, *Maximizing Damages in a Premises Case: What does the Jury want to Hear?* Institute of Continuing Legal Education in Georgia (ICLE), October 10, 2014;

Winning Settlement Strategies, *Winning Mediation Strategies and Tactics*, Institute of Continuing Legal Education in Georgia (ICLE), March 21, 2014;

Truck Wreck Cases, *Direct Action Cases, What is and What is Not*, Institute of Continuing Legal Education in Georgia (ICLE), March 7, 2014;

Trial Advocacy Seminar, *Program Chair and Speaker*, Institute of Continuing Legal Education in Georgia (ICLE), *Persuasion at Trial*, November 8, 2013;

Premises Liability, *The Trial of a Sexual Assault Premises Case,* Institute of Continuing Legal Education in Georgia (ICLE), October 11, 2013;

Secrets to a Successful Plaintiff's Personal Injury Practice, *How to get the Jury to See and Feel My Client's Damages,* Institute of Continuing Legal Education in Georgia (ICLE), September 6, 2013;

Winning Settlement Strategies, *Winning Settlement Strategies*, Institute of Continuing Legal Education in Georgia (ICLE), March 22, 2013;

Superstar Personal Injury Lawyers, *Best Verdicts 2012,* $3,400,000.00 - 86 year old decedent wrongful death recovery, Institute of Continuing Legal Education in Georgia (ICLE), January 24, 2013;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education in Georgia (ICLE), November 9, 2012;

John Marshall 10th Annual Bobby Lee Cook Practical Legal Symposium, Advocacy and Professionalism, John Marshall School of Law, September 7, 2012;

GTLA 2012 Annual Convention, Speaker, Champions Trial Skills, *Persuasion at Trial;* Georgia Trial Lawyers Association (GTLA), May 11, 2012;

Superstar Personal Injury Lawyers, *Best Verdicts 2011,* $15,000,000.00 multi-plaintiff recovery, Institute of Continuing Legal Education in Georgia (ICLE), March 16, 2012;

Winning Settlement Strategies, *Winning Mediation Strategies and Tactics*, Institute of Continuing Legal Education in Georgia (ICLE), January 12, 2012;

Dispute Resolution - Atlanta Bar, *Mediator Likes and Dislikes*, Atlanta Bar Dispute Resolution Section, Atlanta Bar Association, January 4, 2012;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education in Georgia (ICLE), December 9, 2011;

Secrets to a Successful Plaintiff's Personal Injury Practice, *Negligent Security, What to do when someone is shot, stabbed or assaulted,* Institute of Continuing Legal Education in Georgia (ICLE), September 9, 2011;

GTLA 2011 Annual Convention, Chairman Day 2, *Premises Liability,* Speaker, *Points for Success;* Georgia Trial Lawyers Association (GTLA), May 6, 2011;

Superstar Personal Injury Greatest Hits Seminar, *Multi-million Dollar Recoveries,* Institute of Continuing Legal Education in Georgia (ICLE), March 18, 2011;

NRRDA, National Retail and Restaurant Defense Association, *Trial Strategies and Techniques for both Sides,* Orlando, Fl., February 24, 2011;

Premises Liability, *Establishing Damages in a Premises Case,* Institute of Continuing Legal Education in Georgia (ICLE), October 21, 2010;

GTLA 2010 Fall Workshop, *Damages* presentation and Panel Member, Georgia Trial Lawyers Association (GTLA), Savannah, Georgia October1, 2010;

GTLA 2010 Annual Convention, Chairman Day 1, *Premises Liability,* and Invited Speaker Day 2, *Masters in Trial;* Georgia Trial Lawyers Association (GTLA), April 22-23, 2010;

Practice Pointers Law School Class – *Directs and Cross,* Georgia State College of Law (GSU Series), March 16, 2010;

Strictly Retail Seminar – *Damages Update, Trends and Challenges*, Plaintiffs' discussion of large damages award to defense bar (DRI), March 5, 2010;

Atlanta Bar Association Seminar - *Closing Arguments,* Atlanta Bar Association (ABA Manual's Tavern Series), November 19, 2009;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education in Georgia (ICLE), November 6, 2009;

GTLA 2009 Annual Convention, Speaker Day 1, *Premises Liability,* Georgia Trial Lawyers Association (GTLA), April 16, 2009;

GTLA 2009 Annual Convention, Seminar Chair and Speaker Day 2, *Premises Liability and Motor Vehicle Cases,* Georgia Trial Lawyers Association (GTLA), April 17, 2009;

John Marshall Bobby Lee Cook Symposium, Advocacy and Professionalism, John Marshall School of Law, April 3, 2009;

Traumatic Brain Injury, Maximizing Damages and Trial Efficiency, Institute of Continuing Legal Education in Georgia (ICLE), March 31, 2009;

Jury Trial, *Cross Examination: Leading the Witness and Jury,* Institute of Continuing Legal Education in Georgia (ICLE), January 16, 2009;

GTLA Annual Holiday Workshop, *It's a Wonderful Trial – Topic Analysis and Wrap-up,* Georgia Trial Lawyers Association (GTLA), December 8, 2008;

Atlanta Bar Association Seminar - *Closing Arguments,* Atlanta Bar Association (ABA Manual's Tavern Series), November 19, 2008;

Trial Advocacy Seminar, *Program Chair,* Institute of Continuing Legal Education in Georgia (ICLE), November 7, 2008;

Premises Liability, *The Trial of a Sexual Assault Premises Case,* Institute of Continuing Legal Education in Georgia (ICLE), October 30, 2008;

Atlanta Bar Association Seminar - *Closing Arguments, Talking Straight about the Numbers,* Atlanta Bar Association (ABA Colonade Litigation Section), October 17, 2008;

Taking your Practice to the Next Level, *Next Level Closing Arguments-,* Georgia Trial Lawyers Association (GTLA), September 24, 2008;

Auto Torts Workshop, *Wrongful Death,* Georgia Trial Lawyers Association (GTLA), August 7, 2008;

Jury Trial, *Trial of a Motor Vehicle Collision Case,* Institute of Continuing Legal Education in Georgia (ICLE), December 14, 2007;

Trial Advocacy Seminar, *Program Chair,* Institute of Continuing Legal Education in Georgia (ICLE), December, 2007;

Premises Liability, *Proving Damages in a Third Party Criminal Assault Case,* Institute of Continuing Legal Education in Georgia (ICLE), October 26, 2007;

Georgia Personal Injury Practice, *Persuasion at Trial,* Institute of Continuing Legal Education in Georgia (ICLE), October 26, 2007;

Rules of the Road, *Direct Examination Demonstration of a Lay Witness,* American Association for Justice Education (AAJ), September 15, 2007;

Jury Trial, *Efficient Trial Preparation: Voir Dire to Closing,* Institute of Continuing Legal Education in Georgia (ICLE), May 11, 2007;

GTLA Annual Holiday Workshop, *Co- Program Chair/Persuasion and Closing Argument,* Georgia Trial Lawyers Association (GTLA), December 8, 2006;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education in Georgia (ICLE), December 1, 2006;

Premises Liability , *Proving Damages in a Negligent Security Case – Legal Requirements and Jury Persuasion,* Institute of Continuing Legal Education (ICLE), October 27, 2006;

Punitive Damages, *Proving Liability of the Corporate Defendant*, Institute of Continuing Legal Education (ICLE), September 22, 2006;

GTLA Auto Torts Workshop, *Jury Persuasion in Opening and Closing,* Georgia Trial Lawyers Association (GTLA), August 11, 2006 (paper presentation only);

GTLA Annual Convention, *Closing Arguments, Getting the Jury to Give You Everything You Want,* Georgia Trial Lawyers Association (GTLA), April 28, 2006;

Proving Damages, *Making Damages Presentable*, Institute of Continuing Legal Education in Georgia (ICLE), March 10, 2006 (paper presentation only);

Drinking and Drivers Institute, *Your Professional Responsibility when Civil Implications Can be Worse that the DUI,* Institute of Continuing Legal Education in Georgia (ICLE), December 9, 2005;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education in Georgia (ICLE), December 2, 2005;

STLA Fall Retreat, *Closing Arguments*, Southern Trial Lawyers Association (STLA), Nassau Bahamas, October 7, 2005;

Punitive Damages, *Malicious Prosecution*, Institute of Continuing Legal Education (ICLE), September 23, 2005;

Auto Torts Seminar, *Creative Evidence in Auto Cases: How to Get it in and Maximize Your Case*, Georgia Trial Lawyers Association (GTLA), August 6, 2005;

Winning Brain Injuries Cases, *Compelling Lay Witness Testimony: The Key to Persuasion at Trial*, Institute of Continuing Legal Education (ICLE), March 31, 2005;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education in Georgia (ICLE), December 3, 2004;

Georgia Personal Injury Practice, *Powerful Demonstrative Evidence*, Institute of Continuing Legal Education in Georgia (ICLE), October 29, 2004;

Professional and Ethical Dilemmas in Litigation, Institute of Continuing Legal Education in Georgia (ICLE), Panel faculty member, Oct 15, 2004;

Advanced Slip and Fall, *Plaintiff's Trial of Fall Case*, Institute of Continuing Legal Education in Georgia (ICLE), October 15, 2004;

Preparing Tractor-Trailer Cases for Trial, Georgia Trial Lawyers Association (GTLA), September 23, 2004;

Voir Dire: Practical Tips and Techniques, *Opening Statements and Voir Dire*, Lorman, June 17, 2004;

GTLA Damages: The Full Measure of Justice, *Cost Effective Demonstrative Evidence to Maximize Damages,* Georgia Trial Lawyers Association (GTLA), April 23, 2004;

Advanced Trial Advocacy in Georgia, National Business Institute (NBI), March 24, 2004;

Traumatic Brain Injury Seminar, *Examination of the Plaintiff*, Georgia Trial Lawyers Association (GTLA), January 30, 2004;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education (ICLE), December 19, 2003;

Atlanta Bar Association, *Opening and Closing Arguments* (ABA), November 2003;

GTLA Fall Workshop, *Best of the Best*, Georgia Trial Lawyers Association (GTLA), October 2003;

Middle Georgia Trial Lawyers – *Premises Liability Trial Strategies,* October 1, 2003;

Jury Trials, *Handling Premises Liability Cases*, Institute of Continuing Legal Education (ICLE), May 23, 2003;

Winning Brain Injuries Cases, *Compelling Lay Witness Testimony: The Key to Persuasion at Trial*, Institute of Continuing Legal Education (ICLE), March 28, 2003;

Proving Damages, *Using Demonstrative Aids,* Institute of Continuing Legal Education (ICLE), March 21, 2003;

Personal Injury Trials – *Plaintiff's Closing Arguments,* Institute of Continuing Legal Education (ICLE), March 7, 2003;

Trial Advocacy Seminar, *Program Chair*, Institute of Continuing Legal Education (ICLE), December 20, 2002;

Proving Damages, *Proving Damages with Demonstrative Aids*, Institute of Continuing Legal Education (ICLE), March 22, 2002;

Handling Soft Tissue Injury Cases, *Plaintiff's Closing Arguments*, Institute of Continuing Legal Education (ICLE), March 8, 2002;

Trial Advocacy Seminar, *This Year's big Verdicts, Program Chair*, Institute of Continuing Legal Education (ICLE), December 14, 2001;

Torts of Sorts, *Trucking Liability Litigation,* Institute of Continuing Legal Education (ICLE), May 4, 2001;

Proving Damages, *Proving Damages with Demonstrative Aids*, Institute of Continuing Legal Education (ICLE), March 23, 2001;

Punitive Damages, *Malicious Prosecution and Large Punitive Damages Awards*, Institute of Continuing Legal Education (ICLE), October 26, 2001;

Punitive Damages, *Malicious Prosecution and Large Punitive Damages Awards*, Institute of Continuing Legal Education (ICLE), October 27, 2000;

**Website: www.PeteLawAttorney.com or www.LawMoran.com**