IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MONITRONICS
INTERNATIONAL, INC.,

        Plaintiff,

  v.

HALL, BOOTH, SMITH, P.C. and
JAMES H. FISHER, II,

        Defendants.

1:15-cv-3927-WSD

**OPINION AND ORDER**

This matter is before the Court on the submission of claimed opinion work product material by Plaintiff Monitronics International, Inc. ("Monitronics" or "Plaintiff") and nonparties Carlock Copeland & Stair LLP ("Carlock Copeland"), Holland & Knight LLP ("Holland & Knight"), First Mercury Insurance Company ("First Mercury") and Nationwide Mutual Insurance Company, formerly known as Scottsdale Insurance Company ("Scottsdale").[1]  The materials were required to be submitted for the Court's *in camera* review for the Court to determine whether they are required to be produced to Defendants Hall, Booth, Smith, P.C.

---

[1] Carlock Copeland, Holland & Knight, First Mercury and Scottsdale will collectively be referred to as "Nonparties".

("Hall Booth") and James H. Fisher, II ("Fisher") (collectively, "Defendants").

## I.     BACKGROUND

This is a legal malpractice case in which Monitronics claims that Defendants were professionally negligent in their representation of Monitronics in a state court lawsuit brought against it by Velma Veasley ("Veasley").  Monitronics seeks approximately $9.7 million in damages, the amount awarded to Veasley in the state court litigation.  (Am. Compl. ¶¶ 47, 51).

Defendants represented Monitronics in the Veasley litigation but were terminated by Monitronics and its insurers three months before trial.  Carlock Copeland replaced Monitronics as trial counsel.  Holland & Knight represented Monitronics on appeal from the trial court's judgment.  First Mercury was Monitronics' primary insurer, and Scottsdale provided excess liability coverage.

On June 6, 2016, Defendants requested Monitronics and the Nonparties to produce documents regarding the Veasley litigation, including documents created after Defendants were terminated as Monitronics' trial counsel.  (See [70]-[71]; [98.2]-[98.7]).  On June 20, 2016, Monitronics and Nonparties objected to the document requests on the grounds that they required the production of information protected by the attorney-client, work product and common interest privileges. ([72]; [75]-[78]; [80]).

On December 2, 2016, the Court entered its Order [106] requiring Monitronics and the Nonparties to produce to Defendants various documents requested by the Defendants (the "Production Documents"), including documents otherwise protected by the attorney-client, fact work product and common interest privileges. The Court also ordered Monitronics and the Nonparties to submit to the Court, for its *in camera* review, the Production Documents they contend may continue to be withheld on the basis of the opinion work product privilege.[2] Monitronics and the Nonparties have now submitted, and the Court comprehensively has reviewed, the claimed opinion work product materials that Monitronics and the Nonparties seek to withhold.

## II.   DISCUSSION

The Federal Rules of Civil Procedure provide that, even where discovery of fact work product is permitted, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). These materials, known as opinion work product, "enjoy[] almost absolute immunity" but "extraordinary circumstances may exist that justify a departure from this

---

[2] The Court found it was "not possible to determine, in the abstract, which, if any, of the Requested Documents constitute opinion work product and whether these documents are required to be produced." ([106] at 32).

protection." Williamson v. Moore, 221 F.3d 1177, 1182 (11th Cir. 2000). Although the Eleventh Circuit has not addressed the issue directly,[3] "lower courts have held that disclosure of opinion work product is 'justified principally where the material is directly at issue, particularly if the lawyer or law firm is a party to the litigation.'" Doe v. United States, No. 08-cv-80736, 2015 WL 4077440, at *8 (S.D. Fla. July 6, 2015) (quoting 8 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2026 (3d ed. 2010)); see Cozort v. State Farm Mut. Auto. Ins. Co., 233 F.R.D. 674, 676–77 (M.D. Fla. 2005) ("[T]his Court holds that the mental impressions of State Farm's counsel are directly at issue here, and thus, exceptional circumstances justify invading the opinion work product immunity.").[4]

Monitronics has alleged that the Veasley verdict was the result of Defendants' malpractice in their representation of Monitronics before they were discharged. In doing so, Monitronics must show, among other things, that the

---

[3] See In re Int'l Oil Trading Co., LLC, 548 B.R. 825, 837 (Bankr. S.D. Fla. 2016) ("[T]he Eleventh Circuit has never ruled either way as to whether work product protection should apply when the mental impressions of counsel are the pivotal or central issue in litigation.").

[4] Monitronics states that opinion work product is discoverable where it is "at issue" and "there is a compelling need for the material." ([103.1] (internal quotation marks omitted) (quoting Riverkeeper v. U.S. Army Corps of Engineers, 38 F. Supp. 3d 1207, 1216-17 (D. Or. 2014)).

alleged malpractice was the proximate cause of the damage alleged.[5] Monitronics has directly implicated the relevance of the Production Documents because it alleges that Defendants were the sole proximate cause of the Veasley verdict, even though Defendants were replaced by successor counsel months before the verdict was returned.  See Lyon Fin. Servs., Inc. v. Vogler Law Firm, P.C., No. 10-cv-565, 2011 WL 3880948, at *3-4 (S.D. Ill. Sept. 2, 2011) (finding, in a legal malpractice action, that opinion work product was at issue and must be produced because (i) plaintiff sought damages for the amount of the verdict rendered after defendants were terminated, (ii) plaintiff implicitly argued that the effects of defendants' malpractice "continued beyond the duration of Defendants' representation," (iii) "the specific party, if any, that caused Lyon's trial loss remain[ed] unresolved," and (iv) absent production of the privileged material, defendants "would be effectively precluded from challenging the causation and actual damages prongs for legal malpractice"); Pappas v. Holloway, 787 P.2d 30, 39 (Wash. 1990) (en banc) (requiring opinion work product to be produced, in a legal malpractice action, where the defendant-attorney withdrew from the underlying

---

[5]   "In a legal malpractice action, the plaintiff must establish three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff."  Cornwell v. Kirwan, S.E.2d 1, 3 (Ga. Ct. App. 2004).

litigation one month before an adverse trial verdict and "the mental impressions of the attorneys while the [underlying] litigation was ongoing is crucial to [defendant's] defense").

Defendants have asserted several affirmative defenses to Monitronics' malpractice claim, including lack of causation and comparative negligence, and they have filed a notice seeking to apportion fault to successor counsel. "It would undermine the most basic concepts of fairness to allow [Monitronics] to claim [Defendants are] liable for the entirety of their damages, while precluding the discovery of contrary evidence." Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC, No. 11-cv-633, 2014 WL 29451, at *14 (M.D. La. Jan. 3, 2014). This is especially true considering that the Court's review of the Production Documents submitted for *in camera* review disclosed specific reasons for the fact and magnitude of the Veasley verdict based on reasons other than Defendants' alleged professional conduct.

The Court has reviewed the opinion work product materials submitted by Monitronics and the Nonparties. The Court finds in the particular circumstances of this legal malpractice case—where Plaintiff claims the Defendant lawyers are responsible for the entirety of an adverse jury verdict issued months after Defendants were replaced by successor counsel, where Defendants did not

participate in the trial or the unsuccessful appeal, and where a number of the submitted opinion work product materials are central to the causation issue in this case—that portions of the Productions Documents submitted for review are required to be produced. The Court identifies, in attachments to this Order, those portions of the Production Documents that Monitronics and the Nonparties are required to produce. The material required to be produced is highlighted in green.

Monitronics is required to produce, on or before January 31, 2017, the green highlighted material in Exhibit 1. Carlock Copeland is required to produce, on or before January 31, 2017, the green highlighted material in Exhibit 2. First Mercury is required to produce, on or before January 31, 2017, the green highlighted material in Exhibit 3.[6]

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff is required, on or before January 31, 2017, to produce to Defendants the green highlighted material in

---

[6]  Holland & Knight also withheld opinion work product materials that are required, by this Order, to be disclosed. Holland & Knight is not required to produce these materials, however, because they are duplicates of the materials required to be produced by Monitronics, Carlock Copeland and First Mercury. The Court did not identify any materials, in the opinion work product documents submitted by Scottsdale, that are required to be disclosed.

Exhibit 1 to this Order.

**IT IS FURTHER ORDERED** that Nonparty Carlock Copeland & Stair LLP is required, on or before January 31, 2017, to produce to Defendants the green highlighted material in Exhibit 2 to this Order.

**IT IS FURTHER ORDERED** that Nonparty First Mercury Insurance Company is required, on or before January 31, 2017, to produce to Defendants the green highlighted material in Exhibit 3 to this Order.

**IT IS FURTHER ORDERED** that the production required by this Order shall be made by redacting those portions of the claimed opinion work material that are not highlighted in green.  Monitronics and the Nonparties shall not, however, redact the identifying information in the materials produced, including the author(s) of the document, to whom it was transmitted, the date the document was created and transmitted, and any description of the subject of the document.

**SO ORDERED** this 18th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE